```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

___

```
CARROLET THOMAS,                  )
                                  )
     Plaintiff,                   )
                                  )
v.                                )    No. 17-cv-2264-SHM-tmp
                                  )
DEPARTMENT OF HEALTH AND          )
HUMAN SERVICES, OFFICE FOR        )
CIVIL RIGHTS (OCR), et al.,       )
                                  )
     Defendants.                  )
```

___

## REPORT AND RECOMMENDATION

___

On April 17, 2017, *pro se* plaintiff Carrolet Thomas filed a complaint against The Department of Health and Human Services, Office for Civil Rights (OCR) and other federal government defendants.[1] (ECF No. 1.) The same day, Thomas filed an application to proceed *in forma pauperis* (ECF No. 2), which the court granted on April 21, 2017 (ECF No. 7). On April 24, 2017, Thomas filed a "Motion to Change Judge" (ECF No. 8), and on May 10, 2017, she filed a "Motion to Disqualify Judge" (ECF No. 11) (together, the "Recusal Motions"). Pursuant to Administrative

---

[1] The named defendants are Department of Health and Human Services, Office for Civil Rights (OCR); Jocelyn Samuels, Former Director (OCR); Robinsue Frohboese, Principal Deputy Director (OCR); Peggy Lee, Acting Chief – Centralized Case Management Operations (CCMO); and Timothy Noonan, Regional Manager (OCR) – Southeast Region.

Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation as appropriate. For the following reasons, it is recommended that (a) Thomas's Recusal Motions be denied and (b) Thomas's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.   RECUSAL MOTIONS

As an initial matter, the court addresses Thomas's Recusal Motions, in which Thomas requests that this case be "reassigned from the Honorable Senior U.S. District Judge Samuel H. Mays, Jr. to another U.S. District Judge due to conflicts of interest."[2] (ECF No. 8 at 2.) Thomas states that alleged Health Insurance Portability and Accountability Act of 1996 ("HIPAA") violations by the State of Tennessee, which she notes is currently governed by a Republican governor, and other state

---

[2]Thomas's "Motion to Change Judge" and "Motion to Disqualify Judge" are substantively the same. Thomas states that she filed the second motion to "clarify legal terminology" in light of this court's Standing Order Referring Certain Matters to Magistrate Judge for Determination (AO 2017-24) for the period from May 4, 2017 through May 25, 2017, entered by United States District Judge Samuel H. Mays, Jr. on May 1, 2017. (ECF No. 11 at 1.) This is a general standing order applicable to all of Judge Mays's cases, and it is not case specific. The standing order was not entered in response to Thomas's original "Motion to Change Judge," and it should not be construed to be specifically related to Thomas's case in any way. Because the two Recusal Motions request the same relief on the same basis, the court addresses them together.

entities are relevant to this case. She alleges that Judge Mays previously served in the administration of a different Republican governor from 1995-2000, which she contends creates a conflict of interest. (See ECF No. 8 at 2.) The court construes the motions to seek disqualification pursuant to 28 U.S.C. § 455. That statute states in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>     . . . .
>
>     (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
>     . . . .

28 U.S.C. § 455.

> The statute is "not based on the subjective view of a party," United States v. Dandy, 998 F.2d 1344, 1349 (6th Cir. 1993) (citation omitted), and rather imposes an objective standard: a judge must disqualify himself "where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Adams, 722 F.3d 788, 837 (6th Cir. 2013) (citation omitted).

Burley v. Gagacki, 834 F.3d 606, 615-16 (6th Cir. 2016). The court finds that, on the facts presented, no reasonable person would conclude that the presiding District Judge's impartiality

- 3 -

might reasonably be questioned based on his prior public service to the State of Tennessee.[3] Moreover, there is no suggestion that the presiding District Judge "participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy" as part of his former governmental employment. 28 U.S.C. § 455(b)(3). The court recommends that the Recusal Motions be denied.

## II.  28 U.S.C. § 1915(e)(2)(B)

The section of Thomas's complaint that sets forth the factual basis for her claims reads as follows:

> I initially filed 21 HIPAA Complaints with the Office for Civil Rights (OCR). Of the initial 21 (filed on 10/22/2016 by fax & on 10/24/2016 by USPS Express Mail (signature required)) [I] only received determination letters for eleven (11) complaints. Ten (10) of these stated that the case was reviewed, but would NOT be investigated. No reason was given as to why. These cases met the criteria for investigation stated on OCR's website. The other (10) were not responded to at all. Two more complaints were filed subsequently and were stated as reviewed, but would NOT be investigated. No reason was given. Congressman Steve Cohen's office contacted OCR on my behalf. I did NOT get a response.

---

[3] For the same reason, Thomas's motions would fail even if they are liberally construed as affidavits pursuant to 28 U.S.C. § 144. See Heard v. Caruso, 351 F. App'x 1, 15 (6th Cir. 2009) (citing 28 U.S.C. § 144) ("Heard's motion for recusal was without merit because he presented no evidence that either the magistrate judge or the district judge had any personal bias or prejudice against Heard or in favor of any of the defendants."); see also Smith v. Caterpillar, Inc., 304 F. App'x 391, 396 (6th Cir. 2008) (applying the same objectivity standard to both §§ 144 & 455).

>   Basically, I have not received/was not given due process by the Office for Civil Rights.
>
>   Exhibits with details will be provided at a later date.

(ECF No. 1 at 2.)  The court notes that Thomas has also filed a "Motion to Opt-Out of Alternative Dispute Resolution (ADR)" (ECF No. 9), along with 49 exhibits (ECF No. 10).[4]  The court has reviewed the exhibits, and to the extent they provide context, the court has considered them in making the recommendations herein.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

>   (i) is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i-iii).  In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied.  Hill v. Lappin, 630 F.3d 468,

---

[4]Thomas's ADR motion is not addressed by this Report and Recommendation.

470-71 (6th Cir. 2010).  "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"  <u>Williams v. Curtin</u>, 631 F.3d 380, 383 (6th Cir. 2011) (quoting <u>Iqbal</u>, 556 U.S. at 681) (alteration in original).  "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Iqbal</u>, 556 U.S. at 679; <u>see also</u> <u>Twombly</u>, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed."  <u>Williams</u>, 631 F.3d at 383 (internal quotation marks omitted).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989); <u>see also</u> <u>Brown v. Matauszak</u>, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff]

- 6 -

has not spelled out in his pleading." (internal quotation marks omitted)); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

The essence of Thomas's claim is that her due process rights have been violated by the decision of the Secretary of the Department of Health and Human Services (the "Secretary") to not follow through with an investigation into some of her HIPAA complaints filed through the Office for Civil Rights. At least one other court has dismissed a similar complaint at the initial screening stage, stating "[n]othing in HIPAA provides a party dissatisfied with the Secretary's inaction on a filed complaint to seek redress in court . . . against the Secretary (or one of his agents) for failure to investigate the aggrieved party's complaint." Diment v. Cushing, No. CIV 307CV00041, 2007 WL 2344981, at *2 (W.D. Va. Aug. 15, 2007); see also Wooten v. U.S. Dep't of Health and Human Servs. – Office of Civil Rights, No. 10 Civ. 3728(SAS), 2011 WL 536448, at *6 (S.D.N.Y. Feb. 15, 2011) (finding that the Secretary's "decisions are not reviewable, as the agency has discretion with respect to the investigation of complaints"). The court recognizes that Diment is based, at least in part, on the Secretary's discretion

pursuant to the applicable regulation. See Diment, 2007 WL 2344981, at *2 (citing 45 C.F.R. § 160.306(c)). The court also recognizes that the applicable regulation, 45 C.F.R. § 160.306, has been revised since Diment and Wooten in a way that may somewhat limit the Secretary's discretion. The regulation was revised in response to congressional action requiring formal investigation of certain complaints:

> Section 13410(a) of the HITECH Act adds a new subsection (c) to section 1176 of the Social Security Act, which requires the Department to formally investigate a complaint if a preliminary investigation of the facts of the complaint indicates a possible violation due to willful neglect . . . . The Department proposed a number of modifications to Subpart C of the Enforcement Rule to implement these provisions.
>
> First, § 160.306(c) of the Enforcement Rule currently provides the Secretary with discretion to investigate HIPAA complaints through the use of the word "may." As a practical matter, however, the Department currently conducts a preliminary review of every complaint received and proceeds with the investigation in every eligible case where its preliminary review of the facts indicates a possible violation of the HIPAA Rules. Nonetheless, to implement section 1176(c)(2), the Department proposed to add a new paragraph (1) to § 160.306(c) (and to make conforming changes to the remainder of § 160.306(c)) to make clear that the Secretary will investigate any complaint filed under this section when a preliminary review of the facts indicates a possible violation due to willful neglect. Under proposed § 160.306(c)(2), the Secretary would have continued discretion with respect to investigating any other complaints.

Modifications to the HIPAA Privacy, Security, Enforcement, and Breach Notification Rules Under the Health Information

Technology for Economic and Clinical Health Act and the Genetic Information Nondiscrimination Act; Other Modifications to the HIPAA Rules, 78 Fed. Reg. 5566-01 (Jan. 25, 2013).

However, even considering the modifications to § 160.306, the court finds that Thomas's complaint does not set forth any specific legal or factual basis that would indicate that the Secretary's actions or inactions may plausibly entitle Thomas to relief from the court. Therefore, she has failed to state a claim that her due process rights have been violated.[5] It is recommended that Thomas's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. RECOMMENDATION

For the reasons above, it is recommended that (a) Thomas's Recusal Motions be denied and (b) Thomas's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 10, 2017
Date

---

[5] In a separate section of her complaint, Thomas states that her "HIPAA [r]ights were violated" and that she is "under personal surveillance illegally." (ECF No. 1 at 3.) The alleged HIPAA violations are the subject of a separate lawsuit filed by Thomas against The University of Tennessee Health Science Center and other defendants. (Thomas v. Univ. of Tenn. Health Science Ctr., 2:17-cv-02263-SHM-tmp.)

NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**