IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CARROLET THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-02264-SHM |
| | ) |
| DEPARTMENT OF HEALTH AND HUMAN | ) |
| SERVICES, OFFICE FOR CIVIL | ) |
| RIGHTS (OCR), ET AL., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation, dated May 10, 2017 (the "Report"). (ECF No. 12.) The Report recommends that the Court deny Plaintiff Carrolet Thomas's April 24, 2017 "Motion to Change Judge" (ECF No. 8) and May 10, 2017 "Motion to Disqualify Judge" (ECF No. 11) (collectively, the "Recusal Motions"). The Report also recommends that Thomas's *pro se* complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). On May 23, 2017, Thomas filed her "Objection to Report and Recommendations" (the "Objections"). (ECF No. 13.) Also pending before the Court is Thomas's April 28, 2017 "Motion to Opt-Out of Alternative Dispute Resolution (ADR)" (the "ADR Opt-Out Motion"), which the Report does not address. (ECF No. 9.)

For the following reasons, the Report is ADOPTED, the Recusal Motions are DENIED, the Complaint is DISMISSED, and the ADR Opt-Out Motion is DENIED as moot.

I.  **Background**

On April 17, 2017, Plaintiff filed a *pro se* complaint against The Department of Health and Human Services, Office for Civil Rights (OCR) and four individual federal government defendants.[1]  (ECF No. 1; see ECF No. 12 at 204 n. 1 (identifying defendants).)[2]  The complaint alleges that, although Plaintiff "filed 21 HIPAA [Health Insurance Portability and Accountability Act of 1996] Complaints with the Office for Civil Rights," Plaintiff "only received determination letters for eleven (11)

---

[1]  Plaintiff's complaint does not specify whether the individual federal government defendants are being sued in their official or their personal capacities.  The Sixth Circuit has said that, when a complaint is silent on this issue, courts should apply the "course of proceedings" test.  Moore v. City of Harriman, 272 F.3d 769, 772 (6th Cir. 2001).  Under that test, the court considers such factors as "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability."  Id. at 772 n. 1.

The complaint refers to the individual defendants by their official titles. (ECF No. 1 at 2.)  The complaint attributes the defendants' acts to OCR.  (Id.)  The complaint seeks compensatory damages.  (Id. at 3.)  Taken together, these facts demonstrate that the individual defendants have been sued in their official capacities.  The individual defendants are not personally liable for any damages.

[2]  Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

2

complaints." (ECF No. 1 at 2.) "Ten (10) of these [letters] stated that the case was reviewed, but would NOT be investigated. . . .The other (10) [complaints] were not responded to at all." (Id.) Plaintiff alleges that OCR's actions violated her due process rights. (Id.)

On April 24, 2017, Plaintiff filed the Motion to Change Judge (ECF No. 8). On April 28, 2017, Plaintiff filed the ADR Opt-Out Motion. (ECF No. 9.) On May 10, 2017, Plaintiff filed the Motion to Disqualify Judge. (ECF No. 11.) The Recusal Motions argue that the district judge has a conflict of interest because his "career record includes work as Legal Counsel to a Tennessee governor, in general, with the Republican Party, specifically." (ECF No. 11 at 188.) The ADR Opt-Out Motion asks that Plaintiff be excused from alternative dispute resolution and requests a jury trial. (ECF No. 9 at 43.)

On May 10, 2017, the Magistrate Judge entered the Report. The Report recommends that the Recusal Motions be denied because (1) "on the facts presented, no reasonable person would conclude that the presiding District Judge's impartiality might reasonably be questioned based on his prior public service to the State of Tennessee" and (2) "there is no suggestion that the presiding District Judge 'participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy' as

3

part of his former governmental employment." (ECF No. 12 at 206-07)(quoting 28 U.S.C. § 455(b)(3)).)

The Report also recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Id. at 207-12.) The Report explains that "[Plaintiff's] complaint does not set forth any specific legal or factual basis that would indicate that [OCR's] actions or inactions may plausibly entitle [Plaintiff] to relief from the court. Therefore, she has failed to state a claim that her due process rights have been violated." (Id. at 212.)

Plaintiff filed a timely objection to the Report on May 24, 2017. (ECF No. 13.)

## II. Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B).

4

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. "A district judge must determine *de novo* any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The district court is not required to review -- under a *de novo* or any other standard -- "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Objections to any part of a Magistrate Judge's Report "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995); see also Arn, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006) (quoting Miller, 50 F.3d at 380). A general, frivolous, or conclusory objection will be treated as if no objection had been made. Howard v.

5

Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986) ("[T]he district court need not provide *de novo* review where the objections are '[f]rivolous, conclusive or general.'" (internal quotations omitted)).

**III. Analysis**

Plaintiff does not object to the Report's recommendation that the Recusal Motions be denied. (See generally ECF No. 13.) Adoption of that part of the Report is warranted. See Arn, 474 U.S. at 150-51.

Plaintiff objects to the Report's recommendation that her complaint be dismissed. (ECF No. 13 at 214.) She argues that Defendants failed to "thoroughly and fairly" investigate her HIPAA complaints. (Id. at 216.) These arguments were briefed and considered by the Magistrate Judge. Objections are intended to identify specific errors in the Magistrate's Report, not to restate arguments already considered. Davis v. Caruso, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008) (denying an objection to a Report and Recommendation where Plaintiff "merely rehashe[d] his arguments."); Mira, 806 F.2d at 637. The Court need not review these objections.

Plaintiff does not specifically object to or address the Magistrate Judge's recommendation that Plaintiff's case be dismissed because she has failed to state a claim on which relief

6

may be granted.  The Court need not review that aspect of the report.  See Arn, 474 U.S. at 150.  Plaintiff does not identify any other legal ground that entitles her to relief.  Adoption of the Report's recommendation that the complaint be dismissed is warranted.

**IV. Conclusion**

For the foregoing reasons, the Report is ADOPTED, the Recusal Motions are DENIED, and the complaint is DISMISSED.  Because the complaint is dismissed, the ADR Opt-Out Motion is DENIED as moot.

So ordered this 26th day of October, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE